THE PEOPLE OF THE STATE OF NEW YORK ex rel. NILE E. VAIL, Appellant, v. THOMAS H. MURPHY, as Warden of Clinton Prison, Dannemora, N. Y., Respondent.— Appeal from order of County Court of Clinton county dismissing writ of certiorari. The defendant was indicted for a felony by the Westchester grand jury, sitting with the Supreme Court, and the indictment transferred to the County Court for trial. The defendant complains that the statute, in so far as it affects Westchester county, provides for drawing of only four grand juries for the Supreme Court in that county, and that five were in fact drawn in the year in which he was indicted, the last of the five being convened in connection with the October term, and it was at this October term that he was indicted, the fifth grand jury for that year. Order unanimously affirmed. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

HELEN FARRELL, as Administratrix, etc., of EDWARD FRASER, Deceased, Appellant, v. ROZELLAH KORY and Another, Respondents.— Appeal from judgments entered in Saratoga county in favor of the defendants upon verdicts rendered by the jury in favor of said defendants and from an order denying plaintiff's motion to set aside the verdict and for a new trial. Plaintiff's complaint alleges and proof shows that her intestate was riding in an automobile owned and operated by the defendant Van Lew when it came in collision with an automobile owned, and operated in the opposite direction, by the defendant Kory. Plaintiff's proof shows that each car was on the wrong side of the highway. Defendant Van Lew contended that plaintiff's intestate was the operator of the Van Lew car and testified that he himself did not remember anything about the actual happening of the accident. The defendant Kory contended that the Van Lew car was being operated on the wrong side of the highway and at an excessive rate of speed while his own car was in its proper position upon the highway traveling at a reasonable speed. The defendant Van Lew claimed to have been asleep at the time of the accident. The jury's verdict was amply sustained by the evidence. The court below properly charged as to the duties of the operators and the passenger and the burden of proof. It also charged that if plaintiff's intestate was driving the Van Lew car plaintiff could not recover against either defendant because the action had been brought and tried upon the theory that plaintiff's intestate was a passenger. This charge was correct under the facts as established. Judgments and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.